UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 13-30013-RAL |
| Plaintiff, | * | |
| | * | ORDER DENYING MOTION |
| vs. | * | TO DISMISS AND ORDERING |
| | * | BIFURCATED TRIAL |
| RANDY NEVER MISSES A SHOT, | * | |
| Defendant. | * | |

## I. INTRODUCTION

Defendant Randy Never Misses A Shot ("Never Misses A Shot") has filed a Motion to Dismiss Count V, Doc. 33, to which the Government filed a Memorandum in Opposition, Doc. 37. For the reasons stated below, Defendant's Motion to Dismiss Count V is denied, but trial on Count V shall be bifurcated from trial as to Counts I through IV, so that the jury considers Count V only if it finds Never Misses A Shot guilty on Count IV.

## II. FACTS

On March 13, 2013, a five-count Superseding Indictment was filed charging Never Misses A Shot in Counts I and III with aggravated sexual abuse of a child, and in Counts II and IV with abusive sexual contact of a child. Doc. 20. Count V then charges Never Misses A Shot with a violation of 18 U.S.C. § 2260A for allegedly having committed the abusive sexual contact alleged in Count IV at a time when he was required to register as a sex offender. Doc. 20. Section 2260A is entitled "penalties for registered sex offenders" and provides that any person who is convicted of a sex crime involving a minor while that person is required to register as a sex offender shall be sentenced to ten years in prison in addition to the sentence imposed for the new sex crime conviction. 18 U.S.C. § 2260A.

Never Misses A Shot first argues that Count V should be dismissed under Federal Rule of Criminal Procedure 12(b)(3) for failure to state a criminal offense. Doc. 34. Never Misses A Shot contends that § 2260A is a sentencing enhancement statute rather than a criminal offense and, therefore, is not properly included in the Superseding Indictment. Doc. 34 at 5. Never Misses A Shot next argues that § 2260A violates the Ex Post Facto Clause of the United States Constitution. Doc. 35 at 3. Finally, Never Misses A Shot requests that, in the event this Court denies his motion to dismiss, his trial on Count V be bifurcated from the trial on Counts I through IV. Doc. 35 at 4-5. The Government resists Never Misses A Shot's motion arguing that § 2260A violations are properly charged in indictments because they must be considered by a jury, that Count V does not violate the Ex Post Facto Clause because Count V seeks punishment for new criminal conduct that occurred after the statute's enactment, and that a bifurcated trial is unnecessary. Doc. 37.

Never Misses A Shot previously was indicted before this Court for other sex crime charges and violations of § 2260A. United States v. Never Misses A Shot, 12-30164-1-RAL, Doc. 15. In that case, Never Misses A Shot moved to dismiss the counts charging a violation of § 2260A arguing, as he does here, that § 2260A is not a separate offense that can be included in an indictment and is violative of the Ex Post Facto Clause. United States v. Never Misses A Shot, 12-30164-1-RAL, Doc. 25. This Court denied Never Misses A Shot's motion, but severed the counts alleging violations of § 2260A from the remaining abusive sexual contact counts for separate consideration by the jury. United States v. Never Misses A Shot, No. 12-30164-RAL, 2013 WL 85344, at *4-5 (D.S.D. Jan. 7, 2013). The jury then found Never Misses A Shot not guilty on the abusive sexual contact counts in that prior case. United States v. Never Misses A

Shot, 12-30164-1-RAL, Doc. 57.

## III. DISCUSSION

### A. Whether 18 U.S.C. § 2260A is Properly Included in the Indictment

Section 2260A states:

> Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425, shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision.

18 U.S.C. § 2260A. Violations of § 2260A often are viewed as a separate offense from the underlying sex offense. See e.g., United States v. Slaughter, 708 F.3d 1208, 1214 (11th Cir. 2013) ("Section 2260A makes it a felony offense punishable by an additional ten-years imprisonment for an individual required to register as a sex offender to commit certain enumerated felonies 'involving a minor[.]'"). However, Never Misses A Shot points to a case where a violation of § 2260A was not indicted and treated only as a sentencing enhancement. United States v. Laureys, 653 F.3d 27, 31 (D.C. Cir. 2011). In Laureys, the defendant was not indicted for a violation of § 2260A but was indicted and convicted for two other sex crimes. 653 F.3d at 30-31. The defendant in Laureys then received the ten-year sentencing enhancement under § 2260A, which the United States Court of Appeals for the District of Columbia upheld. Id. However, nothing in the analysis of Laureys requires that § 2260A be applied only as a sentencing enhancement and as a separate crime that may be included in an indictment. See id.

Other case law supports indicting as separate offenses allegations of § 2260A violations

3

because § 2260A, whether it is a separate offense or a sentencing enhancement, must be proven beyond a reasonable doubt to a jury due to a violation of § 2260A increasing the maximum penalty for a crime. In United States v. Walizer, 487 F. App'x 374 (9th Cir. 2012), the United States Court of Appeals for the Ninth Circuit vacated a sentencing enhancement under § 2260A which was applied by the district court, but was not tried before a jury. Id. at 375-76 (citing Jones v. United States, 526 U.S. 227, 243 n.6 (1999)). The Ninth Circuit held that "the district court erred by usurping the jury's role in determining that [the defendant] violated 18 U.S.C. § 2260A—irrespective of whether Section 2260A defines a criminal offense or a sentencing enhancement." Id.; see also United States v. Hardeman, 704 F.3d 1266, 1267 (9th Cir. 2013) (reversing district court's dismissal of a count charging a violation of § 2260A for violating the Ex Post Facto Clause and remanding for trial of the § 2260A violation as a separate offense). Similarly, other circuits have upheld convictions where § 2260A was indicted in a separate count and then tried in front of a jury, rather than employed as a sentencing enhancement. See United States v. Pavulak, 700 F.3d 651, 659, 675 (3rd Cir. 2012) (upholding conviction of defendant for five counts, including one for a violation of § 2260A); United States v. Wellman, 663 F.3d 224, 232 (4th Cir. 2011) (upholding conviction of defendant for three counts, including one for a violation of § 2260A); see also United States v. Galpin, No. 11-4808-CR, 2013 WL 3185299, at *3 (2nd Cir. June 25, 2013) (stating that defendant was indicted for four counts of production of child pornography and four counts of "committing a felony offense" by violating § 2260A); United States v. Boyajian, No. 09-933A-CAS, 2012 WL 4094977, at *11-12 (C.D. Cal. Sept. 17, 2012) (noting that § 2260A was included in indictment); United States v. Levinson, No. 10-80166-CR, 2011 WL 1467225, at *1 (S.D. Fla. Mar. 17, 2011) (noting that § 2260A was

included in indictment).

The weight of authority supports indictment of a defendant for allegedly violating § 2260A as a separate count. In fact, some courts consider it a violation of a defendant's constitutional rights if the penalty for violating § 2260A is imposed by the court without submitting the issue of whether the defendant violated § 2260A to the jury. See e.g., Walizer, 487 F. App'x at 375-76; United States v. Carver, 348 F. App'x 449, 452 (11th Cir. 2009). This Court thinks it appropriate, however, in order to avoid any possibility that the jury might infer Never Misses A Shot is guilty of Counts I through IV because of his alleged status as a registered sex offender, to conduct the trial in two phases before the jury. If the jury convicts Never Misses A Shot on Count IV in phase one of the trial, the Government will be allowed to put on evidence of Never Misses A Shot's status as a registered sex offender, Never Misses A Shot may refute the evidence, and the jury can hear additional argument and receive additional instructions on Count V separately before deliberating in phase two of the trial. This is consistent with how this Court previously has ruled on the issue in a separate case involving the same defendant. Never Misses A Shot, 2013 WL 85344, at *4-5.

**B. Whether Count V violates the Ex Post Facto Clause**

Never Misses A Shot next argues that Count V violates the Ex Post Facto Clause because § 2260A was not in effect at the time when Never Misses A Shot's previous sex offenses occurred that gave rise to the requirement to register. Doc. 34 at 5. Section 2260A became law on July 27, 2006. Never Misses A Shot views § 2260A as punishing his alleged prior sex offenses that occurred in 1987 and 1999; the Government views § 2260A as punishing Never Misses A Shot's new alleged sex offense indicted in this case.

5

The Eighth Circuit has stated:

> The ex post facto clause generally prohibits the retroactive application of a criminal statute that changes the legal consequences for a crime after it was committed. Two elements must be met before legislation violates the ex post facto clause: (1) the legislation in question must apply to events occurring before its enactment; and (2) the offender affected by the legislation must be disadvantaged. The ex post facto clause forbids the application of any law that increases punishment to preexisting criminal conduct.

United States v. Mueller, 661 F.3d 338, 345 (8th Cir. 2011) (internal quotation marks and citations omitted).

The Eighth Circuit has found that punishment related to sex offender status does not violate the Ex Post Facto Clause. In United States v. May, 515 F.3d 912 (8th Cir. 2008), the Eighth Circuit held that "[s]ection 2250 punishes an individual for traveling in interstate commerce and failing to register. The statute does not punish an individual for previously being convicted of a sex crime." Id. at 920, abrogated on other grounds by Reynolds v. United States, 132 S. Ct. 975 (2012). Recently, the Ninth Circuit held that § 2260A does not violate the Ex Post Facto Clause, even when the crimes giving rise to the requirement to register occurred before the enactment of § 2260A. Hardeman, 704 F.3d at 1267-68 (holding that "the additional punishment under § 2260A is not for [the] earlier crimes" and "[t]he Supreme Court has long held that recidivism statutes do not violate the Ex Post Facto Clause because the enhanced penalty punishes only the latest crime and is not retrospective additional punishment for the original crimes").

Section 2260A punishes a defendant for allegedly committing a sex crime while being required to register, but does not further punish a defendant for a previous conviction for a sex

6

crime. The Ex Post Facto Clause forbids the application of a law that increases punishment to preexisting criminal conduct; however, the punishment under § 2260A is not punishment for the preexisting criminal conduct, but rather the alleged conduct charged in Count IV of the Superseding Indictment. Mueller, 661 F.3d at 345.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss Indictment, Doc. 33, is denied. It is further

ORDERED that trial on Count V will be bifurcated from the remaining counts, such that if, and only if, the jury finds the Defendant guilty of Count IV, the parties may put on evidence relating to any prior conviction of a sex offense and argue Count V to the jury, after which this Court will instruct the jury on Count V and direct the jury to deliberate and return a verdict separately on Count V.

Dated July 25, 2013.

                              BY THE COURT:

                              ROBERTO A. LANGE
                              UNITED STATES DISTRICT JUDGE